# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Michael Gerber,**
**Plaintiff Below, Petitioner**

**FILED**

December 7, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 15-0220** (Kanawha County 13-C-1684)

**Cabot Oil & Gas Corporation**
**and Columbia Gas Transmission Corporation,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Michael Gerber, *pro se*, appeals the final judgment order of the Circuit Court of Kanawha County, entered February 19, 2015, following a jury verdict in favor of respondents Cabot Oil & Gas Corporation ("Cabot Oil") and Columbia Gas Transmission Corporation ("Columbia Gas"). Respondents, by counsel Timothy M. Miller and Briana J. Marino, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's and respondents' predecessors-in-interest entered into an oil and gas lease in 1948 with regard to real property located at 1833 Brown's Creek Road in St. Albans, West Virginia.[1] The lease allows respondents to explore, extract, and store natural gas in the subsurface of petitioner's property. In exchange for those mineral rights, the lease provides that petitioner receives a royalty payment and free gas for the house situated on the property subject to certain conditions. The free gas provision of the lease states, in pertinent part, as follows:

---

[1]Respondent Cabot Oil is the current owner of the 1948 lease; respondent Columbia Gas is its most immediate predecessor-in-interest.

1

> Lessee agrees that the surface owner and/or owners thereof, residing on said premises, . . . may use, in one dwelling house located on said tract of land, 100,000 cubic feet of gas per year. . . . This privilege is granted *upon condition that such user shall furnish and install the necessary line, regulators and all other equipment and appliances necessary to receive and control said gas and assume all risk in connection therewith[.]*

(emphasis added) When petitioner purchased his property in 2011, he wanted to receive the free gas to which the lease entitles him through the same connection used by his most immediate predecessors-in-interest. Respondents informed petitioner that he could no longer use that connection to receive gas because they no longer owned the pipeline to which it connects. Petitioner objected to laying a new connection to a pipeline currently owned by Respondent Cabot Oil that is located farther away from his property.

Consequently, because petitioner was not receiving free gas, petitioner sued respondents for breach of the 1948 lease. Trial of the matter occurred on February 9, 2015, through February 11, 2015. Petitioner represented himself at the trial with the aid of his son.[2] Petitioner testified on his own behalf and presented exhibits and the testimony of two of respondents' agents. Respondents' counsel cross examined petitioner and respondents' agents; respondents did not call any witnesses of their own. At the close of evidence, petitioner proposed no jury instructions, while respondents' counsel tendered six proposed instructions to the circuit court. The circuit court rejected four of respondents' proposed instructions and gave two instructions to the jury (as modified by the court). When the circuit court asked petitioner if he objected to the verdict form, petitioner responded, "No. I agree with this verdict form." The circuit court inquired a second time to ensure that petitioner had the correct verdict form. Petitioner stated, "I have it here. It's fair, sir." The circuit court preserved any objections petitioner might have had to the jury instructions. After being instructed and hearing the parties' closing arguments, the jury returned a verdict in respondents' favor. On the verdict form, the jury indicated that respondents did not breach the 1948 lease. On February 19, 2015, the circuit court entered an order memorializing the jury's verdict. Petitioner now appeals.

<u>Circuit court did not abuse its discretion
in the manner by which it allowed petitioner's son to help him during trial.</u>

Petitioner complains that the circuit court improperly refused to allow him to use his son as an interpreter during trial. Respondents counter that while the circuit court did not permit petitioner's son to speak to the jury on petitioner's behalf, the court allowed petitioner's son to aid him. Because this was a ruling with regard to court procedure, we review it only for an abuse of discretion. *See* Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 232, 455 S.E.2d 788, 791 (1995). Upon on our review of the trial transcript, we agree with respondents that petitioner knew English sufficiently well to present his case to the jury. Petitioner notes that he has an accent. However, at the beginning of the trial, the circuit court informed the jury that if they could not

---

[2]Petitioner speaks Russian as his first language.

understand petitioner's spoken words, they could raise their hand and the court would have petitioner repeat what he said. Respondents are also correct that there were occasions when the circuit court allowed petitioner's son to help him. During his cross-examination, the circuit court granted petitioner's request that his son be allowed to read the lease's free gas provision and translate to him because his son was "faster" at reading English. At the close of evidence, outside of the jury's presence, the circuit court permitted petitioner's son to state the relief petitioner would like to receive from the jury because petitioner was struggling to put it into the right words. Upon our review, we conclude that the circuit court did not abuse its discretion in the manner by which it allowed petitioner's son to help him during trial.

<u>Petitioner waived any objection to the verdict form and<br>petitioner's arguments with regard to jury instructions lack merit.</u>

Petitioner contends that the verdict form was not clear as to whether the jury could have found both respondents liable for breach of the 1948 lease—or just one of them. "The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace." *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996). When the circuit court asked petitioner if he objected to the verdict form, petitioner responded, "No. I agree with this verdict form." The circuit court inquired a second time to ensure that petitioner had the correct verdict form. Petitioner stated, "I have it here. It's fair, sir." Thus, we conclude that petitioner waived any objection to the verdict form.

The circuit court preserved any objections petitioner might have had to the jury instructions. First, petitioner questioned how the circuit court would characterize a 1981 secondary agreement Respondent Columbia Gas had with his predecessors-in-interest about their receipt of free gas. The circuit court informed petitioner that it was not going to refer to the 1981 agreement in the jury instructions. Second, petitioner objected to many of respondents' proposed instructions that seemingly included legal rulings against petitioner's interest. We find that the fact that those instructions appear to include legal conclusions constituted one reason why the circuit court rejected those instructions and gave the jury only two instructions (as modified by the court). Therefore, we determine that the objections to the jury instructions raised with the circuit court lacked merit.

On appeal, petitioner also contends that the circuit court did not sufficiently instruct the jury as to the law regarding breach of contract. In Syllabus Point 6 of *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 102, 459 S.E.2d 374, 379 (1995), we held, as follows:

> The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

3

We have reviewed jury instruction No. 1A—which addressed breach of contract[3]—and find that it accurately informed the jury of the pertinent law.[4] Accordingly, we conclude that this argument also lacks merit.

<u>There is sufficient evidence supporting the jury's verdict in respondents' favor.</u>

Petitioner contends that notwithstanding the jury's verdict, respondents breached the provision of the 1948 lease that entitles him to receive free gas. In Syllabus Point 2 of *Karpacs-Brown v. Murthy*, 224 W.Va. 516, 519, 686 S.E.2d 746, 749 (2009), we held, as follows:

> In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

(internal quotations and citations omitted) We determine that there is sufficient evidence to support the jury's verdict because the lease clearly placed conditions on the surface owner's receipt of free gas. The free gas provision plainly states that the surface owner "shall furnish and install the necessary line, regulators and all other equipment and appliances necessary to receive and control said gas and assume all risk in connection therewith[.]" The question was whether petitioner satisfied these conditions. The jury found that he did not.

Petitioner argues that respondents should be equitably estopped from asserting that he did not satisfy the conditions necessary for him to receive free gas pursuant to the lease. Respondents counter that petitioner did not raise the doctrine of equitable estoppel at any stage of the proceedings in the circuit court. We find that while petitioner did not label certain arguments as being based on the doctrine of equitable estoppel and did not request that the jury be instructed as to the doctrine, petitioner did present evidence to the jury that Respondent Cabot Oil made false representations of material fact, on which he relied to his prejudice. *See* Syl. Pt. 3, *W.Va. Consol.*

---

[3]The circuit court also gave jury instruction No. 6A, which instructed the jury as to the damages to which petitioner would have been entitled had they found a breach.

[4]Petitioner argues that the circuit court should have instructed the jury regarding the Uniform Commercial Code ("UCC"), which is codified at West Virginia Code §§ 46-1-101 to 46-10-104. Pursuant to West Virginia Code § 46-2-107(1), severed minerals constitute "goods" subject to the UCC if they are severed by the "seller." *See Welch v. Clayton*, 183 W.Va. 252, 256, 395 S.E.2d 496, 500 (1990). That is not the case with the 1948 lease, pursuant to which the item being leased is the subsurface of petitioner's property (with the free gas only being part of the consideration therefor). Therefore, we agree with respondents that the UCC does not apply to this case.

*Pub. Retirement Bd. v. Jones*, 233 W.Va. 681, 760 S.E.2d 495, 496 (2014) (setting forth elements necessary to establish equitable estoppel). Having heard this evidence, the jury found in respondents' favor. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). We conclude that no reason exists to disturb the jury's verdict.

For the foregoing reasons, we affirm the circuit court's February 19, 2015, final judgment order entering the jury verdict in respondents' favor.

Affirmed.

**ISSUED**: December 7, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II